Filed 11/25/14  P. v. Huynh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THANG HUYNH,<br><br>     Defendant and Appellant. | C075664<br><br>(Super. Ct. No. 13F02939) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 9, 2013, Y. Doe and her live-in boyfriend, defendant Thang Huynh, argued over money and her suspicion that he had another girlfriend.  The argument turned physical when defendant pushed her onto the sofa, held her behind her neck with one of his hands, and covered her mouth and nose with the other hand.  He threatened to break her neck and to kill her family.  Afraid, she cried and was able to get up and leave

1

the residence.  She returned later to see if he had calmed down.  Instead, he still wanted to kill her whole family and she left again.  She suffered red marks and a small scratch on her face.  Defendant testified and claimed that while arguing, she tried to hug him but he pushed her aside, causing her to fall on the sofa.

A jury convicted defendant of misdemeanor battery on a cohabitant (Pen. Code, § 243, subd. (e)(1)) and acquitted him of felony criminal threats (Pen. Code, § 422).

The court suspended imposition of sentence and granted formal probation for three years subject to certain terms and conditions including 90 days in jail and participation in a batterer's treatment program, both terms stayed for three months so defendant could travel to Vietnam.

Defendant appeals.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed and we received no communication from defendant.

We note an error in preparation of the criminal protective order.  The trial court ordered the victim protected during the probationary period and the formal order of probation reflects the correct statutory authority as Penal Code section 1203.097, subdivision (a)(2).  The actual criminal protective order, however, checks the wrong box, reflecting that the order was authorized by Penal Code section 273.5, subdivision (i), which does not apply because defendant was not convicted of violating Penal Code section 273.5, subdivision (a).

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court is directed to prepare a corrected criminal protective order, reflecting the correct statutory authority as Penal Code section 1203.097, and to forward a corrected copy to defendant and probation.  The judgment is affirmed.

       HULL       , J.

We concur:

       RAYE       , P. J.

       BLEASE       , J.